### Gay JONES, Plaintiff,

v.

### Margaret M. HECKLER, Secretary, United States Department of Health and Human Services, Defendant.

### No. C–C–82–561–M.

United States District Court, W.D. North Carolina, Charlotte Division.

May 5, 1983.

George L. Fitzgerald, Charlotte, N.C., for plaintiff.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, N.C., for defendant.

## MEMORANDUM OF DECISION

McMILLAN, District Judge.

On July 21, 1981, plaintiff Gay Jones applied to the Department of Health and Human Services for Widow's Insurance Benefits based on disability and for Supplemental Security Income (SSI). After the Secretary denied her applications, she requested a hearing before an administrative law judge, who found her ineligible for either widow's benefits or SSI. The Appeals Council denied her request for review and she brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking review of the Secretary's decision.

The case was heard on April 14, 1983, on the parties' motions for summary judgment.

Plaintiff was born on September 24, 1925, and had been married for thirty-five years when her husband, the wage earner, died in insured status on June 7, 1981. Plaintiff has a sixth grade education and has never worked outside the home. Her application for benefits alleged that she is disabled due to glaucoma, impaired vision, and arthritis; she also has less severe problems with her stomach, bladder, breasts, and feet. The Secretary determined that, all other factors of entitlement having been met, the only disputed question as to plaintiff's eligibility was whether she was disabled within the meaning of the relevant provisions of the Social Security Act.

An applicant for widow's benefits is considered disabled only if she has a clinically diagnosed medical impairment listed in Appendix I to Part 400, Subpart P of Title 20 of the Code of Federal Regulations, or an impairment with clinical findings equivalent to those for a listed impairment. 20 C.F.R. §§ 404.1577, 1578. The Secretary's conclusion that plaintiff failed to make such a showing entitling her to widow's benefits is supported by the record and should be affirmed.

However, the Secretary's decision that plaintiff is not entitled to SSI is *not* supported by substantial evidence. For the purposes of SSI, a person is considered disabled if he or she cannot do any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a period of not less than twelve months. The person must have a severe impairment which prevents him or her from doing previous work and, in light of the person's age, education, work experience, and residual functional capacity, prevents him or her from doing any other gainful activity which exists in the national economy. 42 U.S.C. § 1382c(a)(3); 20 C.F.R. § 416.905. Based on this definition, the Secretary has established a five-step process for evaluating disability:

(1) A person who is engaged in substantial gainful activity will be found "not disabled";

(2) A person who does not have an impairment "which significantly limits [his or her] physical or mental ability to do basic work activities" will be found "not disabled";

(3) A person with an impairment that meets the duration requirement and is listed in Appendix I of Subpart P of Title 20 of the Code of Federal Regulations, or equals a listed impairment, will be found "disabled";

(4) A person who has the residual functional capacity to do the kind of work he or she did in the past will be found "not disabled";

(5) A person who can not do past work due to a severe impairment but who, based on age, education, work experience, and residual functional capacity, can do other work, will be found "not disabled."

20 C.F.R. § 416.920. The Secretary found that plaintiff had not shown an impairment so severe as to limit her ability to perform basic work related functions and therefore ruled at the second step of the process that she was "not disabled." *See* 20 C.F.R. § 416.921.

Although the record does support a determination that plaintiff is not disabled by any of her problems *other than arthritis,* it does *not* support the Secretary's finding that plaintiff's arthritis is not a severe impairment. Plaintiff's treating physician, Dr. R.A. Salton, reported that she suffers from "severe diffuse osteoarthritis especially of the hands" and from "deformity of the fingers in both hands with Heberden's nodes." Tr. 165. His opinion was that plaintiff was unable to work due to these problems. Tr. 176, 188. Despite the Fourth Circuit's ruling that "qualified treating physician[s'] . . . opinions are entitled to special consideration," *Stawls v. Califano,* 596 F.2d 1209, 1213 (1979), the administrative law judge discounted Dr. Salton's opinion as "not entirely free of bias and advocacy" due to the fact that he is plaintiff's family physician. Tr. 18.

The administrative law judge's dismissal of Dr. Salton's reports on the basis of this speculative bias was both improper and unsupported by the evidence. In concluding that plaintiff's arthritis does not limit her ability to perform basic work activities, the administrative law judge relied on the report of Dr. William G. Moorefield, the physician who examined plaintiff at the Secretary's request. On the basis of his examination, Dr. Moorefield concluded "that this lady could perform on a job which required *mostly sitting and standing limited to one to two hours a day. She should not lift anything over ten pounds.*" Tr. 171 (emphasis added). The administrative law judge, stating that this conclusion was not supported by the written findings in Dr. Moorefield's one-page report, simply ignored this physician's own opinion about what his examination of plaintiff showed, notwithstanding the fact that the consulting physician's opinion was substantially consistent with that of plaintiff's treating physician. (The *only* evidence in the record that tends to support the administrative law judge's finding, although not expressly relied upon by him, are the reports of two state agency physicians; because these doctors never examined plaintiff, their reports should be discounted. *See, e.g., Hall v. Harris,* 658 F.2d 260 (4th Cir.1981).)

Accordingly, the Secretary's determination that plaintiff's arthritis is not a severe impairment within the meaning of the statute and regulations should be reversed. Moreover, the record unquestionably established that plaintiff is disabled and is entitled to SSI. The medical evidence shows that plaintiff, at best, has the residual functional capacity to do only "sedentary work," as defined in 20 C.F.R. § 416.967(a). Even if plaintiff's nonexertional impairments are ignored, when her residual functional capacity is considered along with her age, education, and work experience, the regulations direct a finding that she is disabled. *See* Appendix 2 to Subpart P of 20 C.F.R., Rule 201.01. The result would be the same even if the evidence showed that plaintiff was capable of "light work" as defined in 20 C.F.R. § 416.967(b). *See* Appendix 2, Rule 202.01. The case should therefore be re-

manded to the Secretary for an award of SSI to plaintiff from her effective date of eligibility.

A judgment will be entered in accordance with this memorandum of decision.